LOLLEY, J.
1 plaintiffs, Courtney and Elizabeth Hancock, appeal a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, granting summary judgment in favor of defendants, Bryan Lauzon, Akram Abdalla, and their real estate agent, Francesca McLelland. Finding genuine issues of material fact, we reverse the trial court’s judgment.
Facts
This case arises out of the sale of a 100-year old house located at 532 Jordan Street in the Historic Highland District of Shreveport, Louisiana (“the property”). Bryan Lauzon and Akram Abdalla (“the sellers”) purchased the property in March 2011 and undertook the task of renovating and reselling it for a profit.
During the renovation process, the backyard of the property flooded. As a precautionary measure, the sellers were advised by their real estate agent, Francesca McLelland (“the agent”), to install an outdoor sump pump to alleviate any water issues that would arise in the future. The sellers maintained that this was the only time that a large amount of water accumulated in the backyard during the time that they owned the property.
Beginning in November 2012, Courtney and Elizabeth Hancock (“the buyers”) became interested in purchasing the property, and with the aid of their real estate agent, Karen Hoell, three visual inspections were conducted. The buyers also reviewed the Multiple Listing Service (“MLS”) report on the property, which contained a notation that a sump pump had been installed.
The parties entered into a Louisiana Residential Agreement to Buy or Sell (“the contract”) on November 8, 2012, in which the purchase price was set at $200,000.00, and the buyers specifically agreed to buy the property “as is.” Notably, on the property disclosure form, question number five asked, “Has any ^flooding, water intrusion, accumulation, or drainage problem been experienced with respect to the land? If yes, indicate the nature and frequency of the defect at the end of this section.” The sellers checked no.
*960 Prior to closing, the buyers hired Cross Home Inspections (“Cross”) to conduct a professional home inspection of the property. Cross conducted a home inspection, but did not report any signs of poor drainage and/or erosion affecting the property. The report also did not mention the existence of a sump pump or the drainage pipe that was located in the corner of the backyard. In fact, the home inspection report incorrectly described the property as “level,” instead of “sloped.”
The buyers closed on the property on December 6, 2012. However, shortly after they moved in, the entire backyard flooded after a heavy rainstorm, and flooded approximately eight times thereafter. Then, in March 2013, the buyers decided to install a prefabricated two-car garage on a concrete slab in the back of the property. Acting on the advice of an engineer, the buyers decided to install a second outdoor sump pump to protect the garage and alleviate potential flooding problems. During the installation of the second sump pump, the buyers discovered an eight-inch french drain and a concrete drainage ditch that had been covered by rocks and debris in the back of the property. The buyers claimed that the drainpipe was not visible or noticeable until they began digging out the area to install the second sump pump. The buyers also claimed that the original sump pump was completely inadequate.
Seeking a rescission of the sale, or alternatively, a reduction in the purchase price, the buyers filed suit in redhibition against the sellers. The buyers also sued the sellers’ agent, McLelland, for negligent misrepresentation in connection with the property disclosure portion of the contract. Each defendant filed a motion for | ^summary judgment asserting that the flooding of the property was an apparent defect, and the buyers should have been aware that the property sloped down and could accumulate water. Further, the sellers and their agent contend that the existence of the sump pump in the MLS listing should have put the buyers on notice of the property’s propensity to flood.
A joint hearing on both motions was held. After argument on the motions, the trial court granted summary judgment in favor of the sellers and their agent, finding that based on the overall sloping nature of the backyard and the disclosure of the sump pump, the buyers should have investigated beyond that of a simple inspection. The buyers failed to do so and the trial court concluded that summary judgment was warranted. It is from this judgment that the buyers appeal.
Discussion
On appeal, the buyers contend that the trial court erred in granting summary judgment in favor of both the sellers and their agent. We agree.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181 (La.02/29/00), 755 So.2d 226; Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material'fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
|4A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Jackson *961 v. City of New Orleans, 2012-2742 (La.01/28/14), 144 So.3d 876. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.

Buyers v. Sellers

A seller warrants the buyer against red-hibitory defects in the thing sold. La. C.C. art. 2520. A redhibitory defect gives the buyer the right to rescind the sale when it renders the thing useless, or its use so inconvenient that it must be presumed that the buyer would not have bought it if he had known of the defect. Id. If the redhibitory defect is not one that renders the thing totally useless, but rather diminishes is usefulness or value so that it must be presumed the buyer would have still bought it but for a lesser price, the buyer has the right to a reduction of the price. Id.
A seller owes no warranty for defects that were known to the buyer at the time of the sale or should have been discovered by a reasonably prudent buyer. La. C.C. art. 2521. Apparent defects that could have been discovered by simple inspection are not redhibitory. McCarthy v. E & L Dev., Inc., 45,683 (La.App.2d Cir.11/10/10), 54 So.3d 1143, writ denied, 2010-2739 (La.02/04/11), 56 So.3d 979. A simple inspection is more than a casual observation; it is an examination of the article by the buyer with a view of ascertaining its soundness. Stuck v. Long, 40,034 (La.App.2d Cir.08/17/05), 909 So.2d 686, writ denied, 2005-2367 (La.03/17/06), 925 So.2d 546. If the defect is apparent and could have been discovered by simple inspection, a plaintiff has a duty to make a further 1 .^investigation. A failure to do so waives the right to sue in quanti minoris. Dage v. Obed, 40,414 (La.App.2d Cir.12/14/05), 917 So.2d 713.
Susceptibility to flooding can be a redhibitory defect. McCarthy, supra. Susceptibility to flooding is determined by the particular circumstances of each case and not solely by the fact of flooding. Id. •
Therefore, the question presented on appeal is whether the drainage problem in the backyard was apparent and discoverable by simple inspection, so as to impose the duty upon the buyers to make a further investigation. As noted above, the trial court agreed with the sellers and their agent that the overall sloping nature of the backyard and the fact that the buyers reviewed the MLS listing which disclosed the existence of the sump pump put the buyers on notice of a possible flooding problem. This notice mandated the buyers to conduct a further investigation, which the buyers failed to do. However, after a de novo review of the record, we conclude that issues of material fact exist regarding whether this particular defect was apparent or not.
Most importantly is the disclosure made by the sellers and its relation to the nature and extent of the circumstances surrounding the flooding faced by the buyers after moving onto the property. As noted above, the sellers, with the assistance of their agent, specifically stated that the property did not suffer from any “flooding, water intrusion, accumulation, or drainage problems.” Yet, during the renovation process, the buyers installed a sump pump to prevent future flooding problems after witnessing the property flood after a rainstorm. The sellers’ action is inconsistent with their disclosure, and it creates an issue of material fact as to whether the sellers truthfully disclosed that they knew of no flooding issues affecting the property. The buyers contend *962 that they specifically |firelied on this information when purchasing the property. Surely, a reasonably prudent buyer would rely on assurances made in the contract to buy or sell that the property did not suffer from any flooding or water intrusion issues.
Issues of material fact also exist as to whether the defect was apparent or not. It is undisputed that the buyers knew that the property included an outdoor sump pump. However, reasonable minds could disagree that upon observing the property, a simple inspection would reveal that the entire backyard could flood and be completely submersed in water following a rainstorm to the extent shown in the exhibits attached to the parties’ motions. Without witnessing the property immediately after a rainstorm, it would be very difficult for a buyer to discover this drainage defect.
Competing evidence exists in this case. Therefore, the question of whether the flooding defect was apparent and discoverable by simple inspection is impossible to answer without weighing all of the evidence and making credibility calls, which are clearly improper on motions for summary judgment. DeMoss v. Pine Hills Golf & Country Club, Inc., 42,033 (La.App.2d Cir.04/04/07), 954 So.2d 316. Accordingly, summary judgment in favor of the sellers was improper.

Buyers v. Agent

The buyers also argue that the trial court erred in granting summary judgment in favor of the sellers’ agent.
Louisiana law is clear that in order for a purchaser to recover damages against a real estate agent representing a seller, a purchaser must establish either fraud or negligent misrepresentation on the part of the agent. Long v. Bruns, 31,427 (La.App.2d Cir.01/20/99), 727 So.2d 664, writ denied, 1999-0480 (La.04/23/99), 742 So.2d 881. Where, however, the alleged misrepresentation relates |7to defects which are apparent and discoverable on simple inspection, and where the buyer inspects the property before the sale, the buyer cannot then complain of fraud or negligent misrepresentation. Id. Thus, like the sellers, the agent contends that the defect was apparent and discoverable by simple inspection.
For the same reasons above, we find that genuine issues of material fact exist in this case warranting a reversal of summary judgment. In support of their claim that the agent misrepresented the fact that the property was susceptible of flooding, the buyers assert that the agent was notified in May 2012 that the drainpipe in the backyard did not work, and that the backyard of the property collected water after it rained. After becoming aware of this information, the agent advised the sellers to install a sump pump to alleviate future drainage problems. Thus, issues of material fact exist regarding the agent’s knowledge of the property’s propensity to flood.
Conclusion
So considering, the trial court’s judgment granting summary judgment in favor of Bryan Lauzon, Akram Abdalla, and their real estate agent, Francesca McLel-land, is reversed. All costs of this appeal are assessed equally to Bryan Lauzon, Ak-ram Abdalla, and Francesca McLelland.
REVERSED.